## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KELVIN[1] RICO FIELDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 11-CV-015-JHP-PJC |
| | ) | |
| JAMES RUDEK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 8). Petitioner filed a response to the motion (Dkt. # 10). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, Respondent's motion to dismiss should be granted and the petition should be dismissed with prejudice as time barred.

## *BACKGROUND*

At the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2008-175, Petitioner Kelvin Rico Fields was convicted of Robbery With a Firearm (Count 1), and Possession of a Firearm While Under Supervision of DOC (Count 2). On October 31, 2008, he was sentenced in accordance with the jury's recommendation to fifteen (15) years imprisonment for Count 1 and three (3) years imprisonment for Count 2, to be served consecutively. See Dkt. # 9, Ex. 1. Petitioner's Judgments and Sentences specifically foreclosed the possibility of judicial review. Id.

---

[1]The Court notes that the petition bears the name "Kevin Rico Fields" (Dkt. # 1).  However, the state court record provided by Respondent identifies Petitioner as "Kelvin Rico Fields," see Dkt. # 9, Exs. 1 and 2.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals ("OCCA").

By order filed September 29, 2009, in Case No. F-2008-1060, the OCCA affirmed the Judgment and

Sentence of the trial court. See Dkt. # 9, Ex. 2. Nothing in the record suggests Petitioner sought

*certiorari* review in the United States Supreme Court. Nothing in the record suggests Petitioner

sought post-conviction relief in the Oklahoma state courts.

On January 6, 2011, the Clerk of Court received for filing Petitioner's petition for writ of

habeas corpus (Dkt. # 1). Although Petitioner states that he executed the petition, under penalty of

perjury, on December 27, 2010, he did not include a certificate of mailing as part of his petition. Id.

### *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996,

established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D).  In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on December 28, 2009, after the OCCA concluded direct review on September 29, 2009, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on December 29, 2009. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after December 29, 2010, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The Clerk of Court received Petitioner's petition for filing on January 6, 2011, or eight (8) days beyond the deadline.  As stated above, the petition does not contain a certificate of mailing and bears no information concerning Plaintiff's method of sending the petition to the Court for filing. The Court recognizes that under the prisoner mailbox rule, a "*pro se* prisoner's [filing] will be considered timely if given to prison official for mailing prior to the filing deadline, regardless of when the court itself receives the documents." Houston v. Lack, 487 U.S. 266, 276 (1988).  The Tenth Circuit Court of Appeals has held that "[a]n inmate can obtain the benefit of the prison mailbox rule in one of two ways: (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not

available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that the postage was prepaid." Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005).

Nothing within the petition suggests Petitioner is entitled to benefit from the prisoner mailbox rule. Furthermore, in support of his motion to dismiss, Respondent has provided the affidavit of Jo Beth Haynes, the Mail Room Supervisor at the Oklahoma State Reformatory (OSR), describing the legal mail system in place at Petitioner's facility. See Dkt. # 9, Ex. 3. Attached to the affidavit is a "true and correct" copy of the outgoing prison mail log from OSR for the date range of December 2, 2010, through January 4, 2011. See id., attachment. The outgoing mail log reflects that Petitioner did not use the prison legal mail system between December 2, 2010, and January 4, 2011. See Dkt.9, Ex. 3. Petitioner has not demonstrated that he made timely use of his facility's legal mail system as required under the first test set forth in Price, 420 F.3d at 1163-64.

In response to the motion to dismiss, Petitioner states that his facility does not have in place "an adequate separate legal mail - mailing system that would protect petitioner's right to mail legal mail on any day of the week." See Dkt. # 10. He goes on to explain that he "was not freely allowed to visit the law library in the month of December 2010 because of security lockdowns and contrary to the assertions of Paula Bethea in Respondent's Exhibit No. 4 Petitioner is allowed only one (1) day per week to visit the law library for mailing." Id. at 3. Petitioner further states that "[o]n 10-28-10,[2] Petitioner Fields handed his legal mail to a facility security Officer for mailing." Id. at 3-4. The

[2]In light of the dates at issue in this matter, the Court will presume that Petitioner intended to state that he gave his mail to a security officer on "12-28-10" instead of "10-28-10." The Court's presumption is supported by Petitioner's statement, made under penalty of perjury, that he executed

4

Court notes, however, that even if the facility's legal mail system was not "available" as a result of a lockdown, Petitioner has not provided a notarized statement or a declaration under penalty of perjury that he gave his petition to prison authorities with the postage prepaid. See Dkt. #s 1, 10. As a result, Petitioner has not satisfied the second test that would entitle him to benefit from the prisoner mailbox rule as set forth in Price, 420 F.3d at 1163-64. Therefore, Petitioner cannot benefit from the prisoner mailbox rule and unless he demonstrate entitlement to equitable tolling, his petition, filed on January 6, 2011, is untimely.

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S. Ct. 2549, 2560, 2562 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).   However, equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

The Court finds Petitioner has not demonstrated entitlement to equitable tolling based on arguments asserted by Petitioner in his objection to the motion to dismiss (Dkt. # 10).  Courts have

---

his petition on December 27, 2010, see Dkt. # 1, making it impossible for him to have handed his petition to a security officer on 10-28-10 as he states three (3) times in his objection to the motion to dismiss. See Dkt. # 10 at 3 and 4.

held that restrictions placed on a prisoner's access to legal materials by corrections officials, especially when the filing deadline is fast approaching, can constitute an extraordinary circumstance providing a basis for equitable tolling. See United States v. Gabaldon, 522 F.3d 1121, 1125-26 (10th Cir. 2008); Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005); Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000); cf. Robinson v. Johnson, 313 F.3d 128, 143 (3d Cir. 2002) (noting that some courts have considered a deprivation of access to legal materials to be stronger grounds for equitable tolling when the deprivation occurs close to the filing deadline). Petitioner claims that he was restricted from freely accessing his facility's mailing system due to security concerns and that these restrictions occurred in December 2010, the final month of the one year limitations period.  However, Petitioner does not allege that he was deprived of access to the prison mailing system during December 2010, only that his access was restricted one (1) day per week and that his unit's assigned day was Wednesday.  See Dkt. # 10.  In December 2010, there were five (5) Wednesdays, including Wednesday, December 29, 2010, Petitioner's deadline for filing a timely habeas corpus petition.  Petitioner fails to explain why he was unable to take his petition to the law library to be placed in the facility legal mail system on any of those Wednesdays. Significantly, in his petition, Petitioner simply reiterates a single claim that had been raised and adjudicated by the OCCA on direct appeal.   See Miller, 141 F.3d at 978 (noting that the fact that the claims petitioner sought to raise were similar to those raised in his direct appeal and postconviction proceedings "undercut[ ] his argument that lack of access caused his delay"); Marsh v. Soares, 223 F.3d 1217, 1221 (10th Cir. 2000). Under these facts, Petitioner's restricted access to the prison mailing system does not rise to the level of an "extraordinary circumstance" justifying equitable tolling.

Even assuming that restrictions on Petitioner's access to the prison mailing system near the end of the one-year deadline constituted an extraordinary circumstance, however, Petitioner "must also show that he acted with reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely." See Fleming v. Evans, 481 F.3d 1249, 1257 (10th Cir. 2007) (internal quotation marks omitted). In his petition, Petitioner offers no excuse for his failure to file his petition before the one-year deadline. Nor does he demonstrate in his objection that he diligently pursued his claim.  He simply states that he handed his petition "to a prison official on 10-28-10 [sic] for purposes of mailing because security regulations prevented him from taking it directly to the law library." See Dkt. # 10. Nothing in the record suggests that Petitioner made any attempt to file his petition timely in spite of having full knowledge of restrictions placed on his access to the law library and the prison mailing system. The Court cannot find that Petitioner acted diligently in pursuing habeas corpus relief. Therefore, Petitioner is not entitled to equitable tolling.

### *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period.  He is not entitled to equitable tolling of the limitations period.  Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional

right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue.  Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect.  The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.   Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 8) is **granted**.

2.   The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3.   A certificate of appealability is **denied**.

4.   A separate Judgment shall be entered in this matter.

DATED THIS 17th day of February, 2012.

James H. Payne
United States District Judge
Northern District of Oklahoma

8